IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BERNADETTE BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:17-cv-00566 |
| | ) | |
| CARILION ROANOKE MEMORIAL HOSPITAL, | ) ) | By: Elizabeth K. Dillon United States District Judge |
| | ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

Plaintiff Bernadette Brown moves for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1). For the following reasons, the court will grant Brown's motion to proceed *in forma pauperis* (Dkt. No. 1), but will dismiss her complaint (Dkt. No. 2) for lack of subject-matter jurisdiction.

I. BACKGROUND

On December 21, 2017, Brown filed a pro se complaint against defendant Carilion Roanoke Memorial Hospital, alleging medical malpractice regarding Jerry Brown, who is now deceased. (Compl. 4, Dkt. No. 2.) Brown's complaint states that she seeks $2,000,000 in damages as a "means to punish Carilion Roanoke Memorial Hospital for actions that caused harm." (*Id*. at 5.) With her complaint, Brown filed an application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1). (Dkt. No. 1.)

II.  DISCUSSION

## A.  Brown Qualifies for *In Forma Pauperis* Status.

To support the motion, Brown has submitted a preprinted form (AO 240) from the clerk's office, responding to certain questions about the state of her finances under penalty of perjury. (Dkt. No. 1.)  The court has reviewed Brown's responses to the AO 240 form and determines that Brown cannot afford to pay the filing fee.  It will therefore grant Brown's motion to proceed *in forma pauperis* and allow her complaint to be filed without payment of the filing fee.

## B.  The Court Lacks Subject-matter Jurisdiction Over Brown's Complaint.

Though Brown's complaint will be filed without payment of the filing fee, it must be dismissed for lack of subject-matter jurisdiction.  "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  *Brickwood Contrs., Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).  Thus, "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." 369 F.3d at 390.

Generally speaking, a federal court has subject-matter jurisdiction over a civil action only if it raises a question of federal law, 28 U.S.C. § 1331, or it is between citizens of different states and the amount in controversy exceeds $75,000, *id.* § 1332.  The plaintiff bears the burden of proving that subject-matter jurisdiction exists.  *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 646 (4th Cir. 1999).  If she cannot do so, then the court must dismiss her complaint.  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

In this case, Brown alleges in her complaint that the basis for jurisdiction is federal question. (Dkt. No. 2 at 3–4.) From her civil cover sheet, though, it appears that she is trying to invoke both federal-question jurisdiction and diversity jurisdiction. (Dkt. No. 2-1, Civil Cover Sheet.) While Brown marked the box "federal question" under the "Basis for Jurisdiction" section, she marked the "personal injury—medical malpractice" box in the "Nature of Suit" section. (*Id.*) She also marked "tort" in the "Cause of Act" section. (*Id.*) Lastly, Brown marked citizenship for both herself and for the defendant in the "If the Basis for Jurisdiction is Diversity of Citizenship" section of the complaint. (Dkt. No. 1 at 3–4.) Accordingly, the court will address both federal-question and diversity jurisdiction.

**1. Brown's complaint does not raise a question of federal law.**

"The vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action." *Columbia Gas Transmission Corp. v. Drain*, 237 F.3d 366, 370 (4th Cir. 2001) (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). In accordance with the well-pleaded complaint rule, federal-question jurisdiction does "not exist unless a federal question appears on the face of a plaintiff's properly pleaded complaint." *Id.*

Here, no federal question appears on the face of Brown's complaint. She does not suggest a federal right or cause of action. (Dkt. No. 2 at 1–2.) Indeed, under the "If the Basis for Jurisdiction is a Federal Question" section of the complaint form, Brown stated "medical malpractice and other related claims." (*Id.* at 3.) Brown thus fails to establish federal-question jurisdiction.

**2. Brown's complaint does not satisfy the diversity of citizenship requirement.**

To establish diversity jurisdiction, a plaintiff must demonstrate that the parties are citizens of different states and that the amount in controversy exceeds $75,000. *Cent. W. Va. Energy Co. v. Mt. State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). Typically, "the 'sum claimed by the plaintiff controls' the amount in controversy determination." *JTH Tax, Inc. v. Frashier*, 624 F .3d 635, 638 (4th Cir. 2010) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).

"For federal diversity jurisdiction purposes, a corporation is a citizen of the states in which it has been incorporated and in which it has its principal place of business." *Central W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 102 (4th Cir. 2011). In this case, Brown plainly fails to meet the diversity of citizenship requirement. In her complaint, Brown notes that she is a citizen of Virginia and that Carilion Roanoke Memorial Hospital is incorporated in Virginia and has its principal place of business in Virginia. (Dkt. No. 2 at 3–4.) Even if defendant were incorporated outside of Virginia, moreover, it nonetheless has dual citizenship in Virginia and wherever it is incorporated. *Slavchev v. Royal Caribbean Cruises, Ltd.*, 559 F.3d 251, 254–55 (4th Cir. 2009) (discussing dual citizenship in context of determining diversity jurisdiction); *Johnson v. Advance Am.*, 549 F.3d 932, 935 (4th Cir. 2008) (same); 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated *and* of the State where it has its principal place of business") (emphasis added). Thus, because there is not complete diversity between her and the defendant, Brown fails to establish diversity jurisdiction.

Because Brown fails to establish either federal-question or diversity jurisdiction, the court lacks subject-matter jurisdiction over her claims. It will therefore dismiss the complaint. (Dkt. No. 2.)

III. CONCLUSION

For the foregoing reasons, the court will grant Brown *in forma pauperis* status, but will dismiss her complaint without prejudice for lack of subject-matter jurisdiction.

An appropriate order will follow.

Entered: January 3, 2018.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge